**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
CIVIL ACTION, FILE NUMBER: 06 Civ. 6843

| | |
|---|---|
| VERENA RIVERA-POWELL, FRANCESCA CASTELLANOS, GEORGINA SNACHEZ, AND MARIE SIERRA<br><br>PLAINTIFF,<br>-AGAINST-<br><br>THE NEW YORK CITY BOARD OF ELECTIONS AND THE STATE OF NEW YORK<br><br>DEFENDANTS. | **AMENDED COMPLAINT** |

## NATURE OF THIS ACTION

1. This action is brought by the plaintiff for declaratory and injunctive relief to redress the deprivation of rights secured to the plaintiff pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. Jurisdiction over this action is conferred upon this court pursuant to 28 U.S.C. §§1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights and pursuant to 42 U.S.C. §1983.

## VENUE

3. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because the defendant is located in this judicial district, a substantial part of the plaintiffs' claims have emerged from the district, and the defendant city agency and state have sufficient contacts to be subject to personal jurisdiction within the district.

## THE PLAINTIFFS

4. One plaintiff is Verena Rivera-Powell. Ms. Rivera-Powell is an attorney licensed in the State of New York who is seeking to become a candidate on the ballot for the Democratic Party nomination for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13 for

the primary election to be held on September 12, 2006 and for the general election to be held in November 2006.

The other plaintiffs, Francesca Castellanos, Georgina Sanchez, and Marie Sierra, are voters and supporters of Ms. Powell's candidacy for civil court judge.

### THE DEFENDANTS

5. The defendants are the New York City Board of Elections and the State of New York.

### FACTS

6. On July 11, 2006 Verena Rivera-Powell timely filed designating petitions for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13.
7. The aforementioned petitions were for the primary election to be held on September 12, 2006.
8. The defendant Board of Elections accepted, examined, and approved said designating petition as being in legal compliance to allow the plaintiff to be placed on the ballot.
9. New York State Election Law §6-154 sets a deadline for the filing of a challenge of a designating petition of the like put forth by the plaintiff of three days.
10. As of July 14, 2006 no such challenge was filed with New York City Board of Elections.
11. On July 17, 2006 general objections were filed with respect to the plaintiff's petitions.
12. The aforesaid objections were filed beyond the three-day limitation and were untimely.
13. In spite of the defendants' acknowledgement that the aforesaid challenges to the plaintiff's designating petitions were untimely the New York City Board of Elections arbitrarily and capriciously violated New York State election law and its own rules by accepting the untimely challenges to the plaintiff's petitions.
14. The defendants then illegally removed the plaintiff's name from the ballot because of her race and in violation of her First and Fourteenth Amendment rights.
15. Ms. Powell then brought an order to show cause in New York State Supreme to restore her name to the ballot.
16. On August 9, 2006 the New York State Supreme Court rejected her petition to restore her name to the ballot purportedly because her petition to the court was not verified. The state court never reached the merits of her claim.
17. Ms. Powell and the other named plaintiffs challenge the constitutionality of the New York State rules, laws, and state enforced processes that pertain to

17. persons who are removed from ballots by the Board of Elections particularly those rules, laws, and state enforced processes that require that petitions addressing misconduct by the Board of Elections be verified.
18. The combined effect of said rules, laws, and state enforced processes is to create unnecessary, burdensome, and expensive barriers to the detriment of legitimate candidates who seek access to the ballot.  These laws and rules are not uniformly applied and are used as tools by state officials to exclude candidates who are not part of status quo political operations.
19. The aforesaid rules and laws are constitutionally defective because they erect unnecessary barriers to elective office.
20. The aforementioned rules, laws, and state endorsed processes violate the plaintiffs' First and Fourteenth Amendment rights.

## RELIEF REQUESTED

**WHEREFORE,** plaintiff prays that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and to cause this case to be in every way expedited and upon such hearing to:

1. Declare defendants conduct to be in violation of the statutes alleged herein; and

2. Provide injunctive relief by enjoining the defendants' from excluding the plaintiff from the ballot for the Democratic Party nomination for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13 at the primary election to be held on September 12, 2006 or in the alternative enjoin the defendants' from excluding the plaintiff from the ballot for the Democratic Party nomination for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13 during the general election to be held in November 2006.

3. Award plaintiff costs and attorney's fees; and

4. Grant such other relief as it may deem just and proper.

Dated: September 9, 2006

Respectfully Submitted,

Stephen T. Mitchell
Stephen T. Mitchell, P.C.
*Attorney for the Plaintiffs*
67 Wall Street Suite 2211
New York, NY 10005
212 587-1932