UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CIVIL ACTION, FILE NUMBER: 06 Civ. 6843

| | |
|---|---|
| VERENA RIVERA-POWELL<br><br>And FRANCESCA CASTELLANOS, GEORGINA SNACHEZ, MARIE SIERRA, LYDIA CABRERA, JAEL CASTELLANOS, AND MERCEDES VALASQUEZ, Individually and on behalf of all those similarly situated as Democratic Party Designating petition signers, and individually and on behalf of all those similarly situated as registered Democratic voters in the 7th Municipal District for the City of New York<br><br>PLAINTIFFS,<br><br>-AGAINST-<br><br>THE NEW YORK CITY BOARD OF ELECTIONS AND THE STATE OF NEW YORK<br><br>DEFENDANTS. | **SECOND AMENDED COMPLAINT**<br><br>Class Action |

NATURE OF THIS ACTION

1. This action is brought by the plaintiff for declaratory and injunctive relief to redress the deprivation of rights secured to the plaintiff pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution.

JURISDICTION

2. Jurisdiction over this action is conferred upon this court pursuant to 28 U.S.C. §§1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights and pursuant to 42 U.S.C. §1983.

VENUE

3. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because the defendant is located in this judicial district, a substantial part of the plaintiffs' claims have emerged from the district, and the defendant city agency and state have sufficient contacts to be subject to personal jurisdiction within the district.

## THE PLAINTIFFS

4. One plaintiff is Verena Rivera-Powell. Ms. Rivera-Powell is an African-American attorney licensed in the State of New York who is seeking to become a candidate on the ballot for the Democratic Party nomination for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13 for the primary election to be held on September 12, 2006 and for the general election to be held in November 2006.

5. The other plaintiffs, Francesca Castellanos, Georgina Sanchez, Maria Sierra, Lydia Cabrera, Jael Castellanos, and Mercedes Velasquez, are Latino-American registered Democrat Party voters in the 7th Municipal District for the City of New York and voters and supporters of Ms. Rivera-Powell's candidacy for civil court judge. The aforesaid plaintiffs represent themselves and the class of all similarly situated persons within the State of New York for the purposes of the causes of action recited herein.

## THE DEFENDANTS

6. The defendants are the New York City Board of Elections and the State of New York.

## CLASS ACTION

7. This class action is brought pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. The class consists of voter Latino-plaintiffs who sought to exercise their right to vote and sought to designate Verena Rivera-Powell for the party position of the Democratic Party nomination for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13 for the primary election to be held on September 12, 2006 and for the general election to be held in November 2006. The class allegations include the fact that the class members' First and Fourteenth Amendment rights pursuant to the United States Constitution have been violated under the color of state law.

8. The class members bring this action on behalf of themselves and all citizens who have been denied the right to designate candidates for public office because of intentional and illegal actions on the part of the New York City Board of Elections and the State of New York.

9. The number of the members of the class is discernable. The class consists of more than three thousand persons who signed the designating petition for Ms. Rivera-Powell. The class also consists of the thousands of Democratic Party voters of the 7th Municipal District of the City of New York.

10. All members of the class allege to have been harmed by the violations of the United States Constitution. Said violations constitute a question of law common to the

class and the method by which such violations were perpetrated constitutes a question of fact common to the class.

11. The plaintiffs' claims are typical of those of the class they seek to represent and do not conflict with the interest of any other members of the class. The individually named plaintiffs, and those whom they seek to represent, all have suffered from the same improper and discriminatory acts by the defendants, and others, in that they were denied their right of political association and their right to designate and support candidates for public office and are in jeopardy of losing those rights again unless and until the defendants are enjoined from excluding the plaintiff, Verena Rivera-Powell, from the ballot on September 12, 2006 or in November 2006.

12. A class action is superior to the other methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with the defendants.

13. The defendants and others have acted and refused to act on grounds applicable to all members of the class thereby making necessary and appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## FACTS

14. On July 11, 2006 Verena Rivera-Powell timely filed designating petitions for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13.
15. The aforementioned petitions were for the primary election to be held on September 12, 2006.
16. The defendant Board of Elections accepted, examined, and approved said designating petition as being in legal compliance to allow the plaintiff to be placed on the ballot.
17. New York State Election Law §6-154 sets a deadline for the filing of a challenge of a designating petition of the like put forth by the plaintiff of three days.
18. As of July 14, 2006 no such challenge was filed with New York City Board of Elections.
19. On July 17, 2006 general objections were filed with respect to the plaintiff's petitions.
20. The aforesaid objections were filed beyond the three-day limitation and were untimely.
21. In spite of the defendants' acknowledgement that the aforesaid challenges to the plaintiff's designating petitions were untimely the New York City Board of Elections arbitrarily and capriciously violated New York State election law and its own rules by accepting the untimely challenges to the plaintiff's petitions.

22. The defendants then illegally removed the plaintiff's name from the ballot because of her race and in violation of her First and Fourteenth Amendment rights.
23. Ms. Rivera-Powell and the other named plaintiffs and class representatives challenge the constitutionality of the Board of Elections' refusal to reject the untimely objections to Ms. Rivera-Powell's designating petitions.
24. After the Board of Elections illegally accepted the aforesaid objections and removed Ms. Rivera-Powell's name from the ballot Ms. Powell brought an order to show cause in New York State Supreme to restore her name to the ballot.
25. On August 9, 2006 the New York State Supreme Court rejected her petition to restore her name to the ballot purportedly because her petition to the court was not verified.  The state court never reached the merits of her claim.
26. Ms. Powell and the other named plaintiffs and class representatives challenge the constitutionality of the New York State rules, laws, and state enforced processes that pertain to persons who are removed from ballots by the Board of Elections particularly those rules, laws, and state enforced processes that require that petitions addressing misconduct by the Board of Elections be verified.
27. The combined effect of said rules, laws, and state enforced processes is to create unnecessary, burdensome, and unnecessarily expensive barriers to the detriment of legitimate candidates who seek access to the ballot.  The aforesaid processes denied the named plaintiffs and class members their right to associate politically and to select the candidates of their choice for civil court judge.
28. These laws and rules are not uniformly applied and are used as tools by state officials to exclude candidates who are not part of status quo political operations.
29. These rules, laws, and processes have a negative and detrimentally disparate impact upon African-American and Latino-American candidates for elective office, their supporters, and voters.
30. The aforesaid rules and laws are constitutionally defective because they erect unnecessary barriers to elective office and have a racially disparate impact.
31. The aforementioned rules, laws, and state endorsed processes violate the plaintiffs' First and Fourteenth Amendment rights and must be enjoined.

**RELIEF REQUESTED**

**WHEREFORE,** plaintiff prays that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and to cause this case to be in every way expedited and upon such hearing to:

1. Declare defendants conduct to be in violation of the statutes alleged herein; and

2. Provide injunctive relief by enjoining the defendants' from excluding the plaintiff from the ballot for the Democratic Party nomination for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13 at the primary election to be held on September 12, 2006 or in the alternative enjoin the defendants' from excluding the plaintiff from the ballot for the Democratic Party nomination for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13 during the general election to be held in November 2006.

3. Award plaintiff costs and attorney's fees; and

4. Grant such other relief as it may deem just and proper.

Dated: September 10, 2006

Respectfully Submitted,

Stephen T. Mitchell
Stephen T. Mitchell, P.C.
*Attorney for the Plaintiffs*
67 Wall Street Suite 2211
New York, NY 10005
212 587-1932