**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
CIVIL ACTION, FILE NUMBER:

VERENA RIVERA-POWELL

And FRANCESCA CASTELLANOS,
GEORGINA SNACHEZ, MARIE SIERRA, LYDIA CABRERA,
JAEL CASTELLANOS, AND MERCEDES VALASQUEZ, Individually
and on behalf of all those similarly
situated as Democratic Party Designating petition signers,
and individually and on behalf of all those
similarly situated as registered Democratic voters in the
7th Municipal District for the City of New York

PLAINTIFFS,

**-AGAINST-**

THE NEW YORK CITY BOARD OF ELECTIONS
AND THE STATE OF NEW YORK

DEFENDANTS.

Memorandum
Of
Law

# MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTIONS PURSUANT TO RULES 56 AND 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE

September 10, 2006

Stephen T. Mitchell, P.C.
Attorney at Law
67 Wall Street suite 2211
New York, NY 10005
212 587-1932

TABLE OF CASES

Page(s)

*Adickes v. S.H. Kress & Co.,*
*389 U.S. 144 (1970)*                                          10

*Anderson v. Celebrezze,*
*460 U.S. 780 (1983)*                                          10

*Beacon Theaters v. West Over,*
*359 U.S. 500 (1959)*                                          12

*Brotherhood of Teamsters v. Local 810,*
*19 F.3d 786 (2d Cir. 1994)*                                   12

*Bush v. Salerno,*
*51 N.Y. 2d 95(N.Y. 1980)*                                     2

*Celotex v. Catrett,*
*477 U.S. 317 (1986)*                                          9

*City of Los Angeles v. Lyons,*
*461 U.S. 95 (1983)*                                           12

*Curtis v. Citibank,*
*226 F.3d 133 (2d Cir. 2000)*                                  7

*Elrod v. Burns,*
*427 U.S. 347(1976)*                                           12

*Green Party v. New York State Board of Elections,*
*389 F.3d 411 (2d Cir. 2004)*                                  12

*Holt v. KMI-Continental, Inc.,*
*95 F.3d 123, 128 (2d Cir. 1996)*                              9

*Illinois State Board of Elections v. Socialist Workers Party,*
*440 U.S. 173, 184 (1979)*                                     11

*Lopez-Torres v. New York State Board of Elections,*
*2006 U.S. App. LEXIS 22310 (2d Cir. 2006)*               4, 5, 9, 11

*Mitchell v. Fishbein,*
*377 F.3d 157 (2d Cir. 2004)*                                  3

*Pennzoil v. Texaco,*
*481 U.S. 1 (1987)*                                                8

*Savage v. Gorski,*
*850 F.2d 64, 67 (2d Cir. 1988)*                                   12

*Texaco v. Pennzoil,*
*784 F.2d 1133 (2d Cir. 1986)*                                     7

*Williams v. Rhodes,*
*393 U.S. 23, 26 (1968)*                                           11

MEMORANDUM OF LAW IN SUPPORT OF INJUNCTIVE RELIEF AND FOR
SUMMARY JUDGMENT

<u>Facts</u>

The plaintiffs contend that they have been discriminated against because of their race and heritage and denied their rights pursuant to the First and Fourteenth Amendments of the United States Constitution because they have been arbitrarily and capriciously removed from a ballot without justification and contrary to well established New York State Law.

The following facts are not in dispute. Verena Rivera-Powell is an African-American attorney licensed to practice law in the State of New York. *See Exhibit "A"*. On Tuesday, July 11, 2006 Ms. Rivera-Powell timely filed designating petitions for the public office of Judge of the Civil Court of the City of New York from the 7th Municipal District, New York County, Vacancy #13. *See Exhibit "B"; see also Exhibit "D" at 8*. These petitions were for the primary scheduled to take place on September 12, 2006. *See Exhibit "A"*. The defendant New York City Board of Elections accepted, examined, and approved the designating petition as being in legal compliance to allow the plaintiff to be placed on the ballot. *See Exhibit "C"*.

On Monday, July 17, 2006, six days later, a person opposed to her candidacy filed general objections with respect to Ms. Rivera-Powell's designating petitions. *See Exhibit "E"; see also Exhibit "D" at 8*. The New York City Board of Elections illegally

accepted the untimely objections and unlawfully removed Ms. Rivera-Powell from the ballot. *See Exhibit "D" at 12*.

New York State Election Law §6-154 sets a deadline for the filing of a challenge of a designating petition of the like put forth by the plaintiff of three days. *See N.Y. Election Law §6-154; see also Exhibit "F"*. The objections filed on Monday, July 17, 2006 were untimely because they were filed beyond the three day period. *Id; see also Bush v. Salerno, 51 N.Y. 2d 95, 98-99 (N.Y. 1980)*. Any lawful challenges to Ms. Rivera-Powell's petitions would have had to be made by Friday, July 14, 2006 in accordance with New York State law.

In spite of clear and well established New York State statutory and case law the New York City Board of Elections illegally removed Ms. Powell's name from the ballot.

Ms. Rivera-Powell timely made an application to the New York State Supreme Court to restore her name to the ballot. On August 9, 2006 the New York State Supreme Court denied Ms. Powell's petition to restore her name to the ballot. *See Exhibit "G"*. The state court dismissed the petition because of a purported jurisdictional defect of Ms. Powell's pleading. The court found that her petition to restore her name to the ballot was not properly verified and dismissed the case because of a jurisdictional defect. The court found that a notarized affidavit sworn to by the attorney petitioner was not an adequate verification. The state court then declined to pass upon any of the issues that constituted the merits of the action including the issue of whether or not the objections to Ms.

Rivera-Powell's designating petitions were timely filed within the statutorily required three day period. *See Exhibit "G".*

Ms. Rivera-Powell had numerous supporters who provided her with enough signatures in order to support her place on the ballot. These supporters included the named plaintiffs and purported class members. The supporters efforts to place a candidate of their choosing on the ballot was frustrated by the aforementioned actions of the state officials.

A.  <u>This court has jurisdiction to hear the plaintiffs' claims and grant them appropriate relief.</u>

The first line of defense to be put forth by the defendants in this case will be that this court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine. *Rooker-Feldman* is inapplicable here and it would be error for this court to so find.

The *Rooker-Feldman* doctrine acknowledges that federal district courts may not exercise appellate jurisdiction over state court judgments. *See Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004).* Thus federal courts do not have jurisdiction over claims that already have been decided or that are inextricably intertwined with issues that already have been decided in the state courts. *Id; see also Hoblock v. Albany County Board of Elections, 422 F.3d 77, 84 (2d Cir. 2005).*

6

The plaintiffs in this case allege different sorts of constitutional violations.  The distinctions are critical with regard to *Rooker-Feldman* analysis.

Ms. Rivera-Powell alleges that her First and Fourteenth Amendment rights pursuant to the United States Constitution were violated.  She alleges that her First Amendment rights to political association and the advancement of her political beliefs were violated by the New York City Board of Elections unwarranted removal of her from the ballot. *See Lopez-Torres v. New York State Board of Elections, U.S. App. LEXIS 22310 (2d Cir. 2006) at \*47.*  She also alleges that her First Amendment right to cast her vote effectively also was abridged. *Id.*

Ms. Rivera-Powell also alleges that her right to equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution was abridged because the three day limitations regarding challenges to designating petitions of Election Law §6-154 was not enforced in the same manner for her than it was for others.

Ms. Powell also alleges that her procedural Due Process rights pursuant to the Fourteenth Amendment of the United States Constitution were abrogated because the New York City Board of elections illegally deferred the decision to deny the challenges to her designating petitions to another branch of state government.

The other named plaintiffs and class representatives are voters who planned to support Ms. Rivera-Powell.  These individuals represent class members who are voters in

the 7th Municipal District of the City of New York.  These individuals claim that their First Amendment rights to political association and their right to select candidates that represent their views was abridged by the illegal removal of Ms. Rivera-Powell from the ballot. *See Lopez-Torres at **55-62*.

These plaintiffs and class representatives also allege that the defendants, the New York City Board of Elections and the State of New York, have erected unnecessarily burdensome and expensive measures that unlawfully impinge upon their ability to select candidates for elective office by denying their candidates a realistic opportunity to participate in the nominating process in violation of the First Amendment and the Equal Protection clause of the Fourteenth Amendment. *See Lopez-Torres at **55-62*.

Both sets of plaintiffs challenge the entire scheme established by the State of New York with respect to challenges to designating petitions particularly with respect to the requirements of Election Law §16-116.  This statute required that Ms. Rivera-Powell file a verified petition in a particular form in support of her efforts to obtain a review by a state court of the erroneous removal of her name from the ballot by the New York City Board of Elections.

The only issue decided by the state court in this case was whether or not the state court had jurisdiction over the matter because of the alleged failure of the petitioner to provide a properly verified petition.  The state court expressly declined to decide any other matters presented in the petition or in the opposition papers. *See Exhibit "G"*.

Ms. Verena Rivera-Powell would be barred from bringing a federal lawsuit by the *Rooker-Feldman* doctrine only if she complained of an injury from the state-court judgment and sought review and rejection of that judgment.  Her lawsuit could proceed in federal court if she raised an independent claim. *Hoblock at 86*.  A federal lawsuit complains of injury from a state court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it.  *Id. at 88.*

The New York State Board of Elections was responsible for the injuries to Ms. Rivera-Powell because they unlawfully allowed challenges to her designating petitions.  When she sought to redress these injuries in state court the state court refused to pass upon the merits of Ms. Rivera-Powell's entire petition. *See Exhibit "G"*.  The result was that the state court simply acquiesced in the Board of Election's decision to remove her from the ballot.  This injury did not result from the state court's decision.  For all anyone knows the state court may not have elected to follow the Board of Election's decision to remove Ms. Powell from the ballot.

There was no affirmative decision on the merits by the state court this case with respect to the decision to remove Ms. Rivera-Powell from the ballot.  The state court's action in this case is in contrast to the state court actions in *Hoblock*.  In *Hoblock* there were several affirmative state court decisions on the merits of the action that were argued throughout the entire state court system.  *Rooker-Feldman* does not preclude a federal

action by Ms. Rivera-Powell because there was no decision made by the state court regarding her removal from the ballot by the Board of Elections.

Ms. Rivera-Powell's federal claims are not barred by claim preclusion. Claim preclusion bars the re-litigation of claims after a final judgment based upon the merits of the case. *Curtis v. Citibank, 226 F.3d 133, 139 (2d Cir. 2000).* There never was a final judgment on the merits in the state court action and therefore claim preclusion of the federal claims of Ms. Rivera-Powell would not be appropriate.

Issue preclusion would not be appropriate for Ms. Rivera-Powell's federal claims. Under New York law issue preclusion applies when (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding. *Hoblock at 94.* Nowhere is there an indication that the state court considered constitutional issues pertaining to Ms. Rivera-Powell. Issue preclusion should not be considered by the district court with respect to Ms. Rivera-Powell.

The United States Court of Appeals for the Second Circuit squarely has rejected the argument that the *Rooker-Feldman* doctrine applies to all issues that could have been decided by the state court. *Texaco v. Pennzoil, 784 F.2d 1133, 1144 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1 (1987).*

The *Rooker-Feldman* doctrine does not apply for circumstances in which the constitutional claims presented for federal court review are separable from and collateral to the merits of the state court judgment. *Pennzoil v. Texaco, 481 U.S. 1, 21 (1987).*

The plaintiffs are not seeking a federal court review of the state court decision to dismiss Ms. Rivera-Powell's petition because of improper verification.  The plaintiffs are alleging that the entire ballot removal scheme in New York State is constitutionally defective because the process includes arbitrarily applied rules, laws, and processes applied by state officers that unnecessarily burdens a legitimate candidate's access to the ballot.

The plaintiffs claim that Election Law §16-116 is unconstitutional because it unnecessarily burdens and raises the expense of access to the ballot.  The state court could have made an assessment of the merits of Ms. Rivera-Powell's claims without her filing a verified petition.   There is no dispute that Ms. Rivera-Powell was an officer of the court and filed a notarized petition.  She also appeared in court to argue the petition and could have been sworn in as a witness.

The verification of requirement of Election Law §16-116 unnecessarily placed additional and expensive hurdles to a legitimate candidate's efforts to access the ballot and unnecessarily burdened her opportunity to become a candidate for elective office. The First Amendment prohibits a state from maintaining an electoral scheme that in practice excludes candidates, and thus voters, from participating in the electoral process,

unless the exclusionary regulations are necessary to further a compelling state interest. *Lopez-Torres at \*\*61-62.*

The verification requirement was unnecessary in this circumstance and resulted in a triumph of form over substance.  Access to the ballot is too important to be awarded to those skilled in gamesmanship and not substance.  The state court refusal to hear Ms. Rivera-Powell's petition to restore her name to the ballot because of the alleged lack of appropriate verification was unconstitutional on its face and should be stricken and undone by a federal court.

*Rooker-Feldman* doctrine does not apply to the named plaintiffs other than Ms. Rivera-Powell and the class members because they were not a party to the original state action brought by Ms. Rivera-Powell. The first time these plaintiffs sought relief with respect to their constitutional claims is in the instant federal court action. A federal lawsuit that precedes a state court lawsuit cannot be barred by the *Rooker-Feldman* doctrine. *Hoblock at 88.*

B. <u>The plaintiffs  are entitled to summary judgment.</u>

The plaintiffs move pursuant to Rule 56 of the Federal Rules of Civil Procedure for a judgment in their favor.  A moving party is entitled to summary judgment if the court determines that no genuine issue of material fact exists to be tried.  If there is no genuine issue of material fact then the movant is entitled to a judgment as a matter of law. *See Fed. R. Civ. P. 56; see also Celotex v. Catrett, 477 U.S. 317, 322-323 (1986); Holt v.*

*KMI-Continental, Inc.*, 95 F.3d 123, 128 (2d Cir. 1996). The moving party bears the burden of showing no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 389 U.S. 144, 157 (1970).

The plaintiffs contend that they were victims of racial discrimination. They also contend that the New York City Board of Elections violated their rights pursuant to the First and Fourteenth Amendments to the United States Constitution. Ms. Rivera-Powell and the other plaintiffs seek summary disposition with regard to their rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

The defendants can put forth no valid reasons for unilaterally extending the time for the opponents of Ms. Rivera-Powell's candidacy to challenge her designating petitions. The New York State Court of Appeals has affirmed the validity of Election Law § 6-154 and asserted that a petition challengers' failure to comply with its provisions constitutes a jurisdictional defect that cannot be remedied by the courts. *Bush at 98-99.*

The unlawful actions of the defendants have violated both the First and Fourteenth Amendments of the United States Constitution. The illegal exclusion of candidates for public office inhibits the rights of citizens to vote and infringes upon the voters freedoms of association. "An election campaign is an effective platform for the expression of views on issues of the day and a candidate serves as a rallying point for like minded citizens." *Anderson v. Celebrezze, 460 U.S. 780, 787-788 (1983).* Restrictions on the access to the ballot burden two distinct and fundamental rights, the right of

individuals to associate for the advancement of political beliefs, and the right of qualified voters to cast their votes effectively. *See Illinois State Board of Elections v. Socialist Workers Party, 440 U.S. 173, 184 (1979).* A state may not unnecessarily restrict a constitutionally protected liberty without establishing a compelling need. *Id. at 184-185.*

The defendants cannot establish a compelling need to violate the well established provisions of New York State law. In fact they have not put forth any reasons for violating Election Law §6-154. Their actions have had the effect of denying the plaintiff and the many voters who wish to support her their right to associate for political purposes and their guarantee of equal protection of the laws because the law of New York State has been applied differently for them as opposed to others. *See Williams v. Rhodes, 393 U.S. 23, 26 (1968).*

The First Amendment affords candidates for political office and voters a realistic opportunity to participate in the nominating process, and to do so free from burdens that are both severe and unnecessary to further a compelling state interest. *Lopez-Torres v. New York State Board of Elections, 2006 U.S. App. LEXIS 22310 at **61 (2d Cir. 2006).* The defendants' decision to exclude Ms. Rivera-Powell was a patent violation of New York State law and was a device used to raise the burdens and costs associated with seeking public office. The Board's action was a clear violation of the plaintiff and her supporters First Amendment rights. This court should grant summary judgment to the plaintiff immediately because the defendants have no legal basis for accepting the untimely challenges to her petition.

C. Ms. Rivera-Powell is entitled to an immediate injunction because of the constitutional violations.

A party seeking preliminary injunctive relief must establish: (1) the likelihood of irreparable harm and (2) either a likelihood of success on the merits of the underlying claim or sufficiently serious questions going to the merits of the claim as to make it fair ground for litigation and a balance of the hardships tipping decidedly toward the applicant. *International Brotherhood of Teamsters v. Local 810, 19 F.3d 786, 789-790 (2d Cir. 1994); see also Savage v. Gorski, 850 F.2d 64, 67 (2d Cir. 1988).*

In order to show irreparable harm the party seeking injunctive relief must demonstrate that there exists some cognizable danger of a recurrent violation of her legal rights. *City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).* An injunction is appropriate only where there exists a threat of irreparable harm such that legal remedies are rendered inadequate. *Beacon Theaters v. West Over, 359 U.S. 500, 506-507, 509 (1959).* The loss of First Amendment rights is generally recognized to constitute irreparable harm. *Elrod v. Burns, 427 U.S. 347, 373 (1976); see also Green Party v. New York State Board of Elections, 389 F.3d 411, 418 (2d Cir. 2004).*

Ms. Rivera-Powell and the other plaintiffs are entitled to immediate injunctive relief from the district court because the First Amendment harms to her candidacy and to her supporters is irreparable. The rights of the plaintiffs to associate and promote their own candidates will be irreparably harmed if they do not have proper access to the ballot. The defendants clearly violated Election Law §6-154 and illegally removed her from the

15

ballot.  They do not have an answer for violating this law.  It is likely that the plaintiffs will prevail.

For all of the aforementioned reasons the plaintiff respectfully requests that she be granted summary judgment with respect to her claims and that she be granted immediate injunctive relief that allows her name to be included on the September 12, 2006 ballot.

September 10, 2006

Stephen T. Mitchell