UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
VERENA RIVERA-POWELL, FRANCESCA
CASTELLANOS, GEORGINA SANCHEZ
and MARIE SIERRA                                        Civil Action Number
                                                        **06 Civ. 6843**

                          Plaintiffs,

                -against-                                  **ANSWER IN
                                                        INTERVENTION**

THE NEW YORK CITY BOARD OF ELECTIONS
and THE STATE OF NEW YORK,


                          Defendants.
------------------------------------------------------------------------x

### PROPOSED DEFENDANT-INTERVENORS' ANSWER IN INTERVENTION

      Proposed Defendant - Intervenor FRANKLIN HESS, by his attorney ARTHUR W. GREIG, ESQ., as and for his answer in intervention to the amended complaint, admits, denies and alleges the following upon information and belief:

      FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1".

      SECOND: Admits the allegations contained in paragraphs "2" and "3."

      THIRD:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4".

      FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5."

      FIFTH : Denies the allegations contained in paragraph "6" and affirmatively asserts that a designating petition volume bearing candidate Verena Rivera Powell's name as a candidate (Volume NY 06' 00218) was filed with the NYC Board of Elections on July 13, 2006.

      SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7 " of the

complaint.

        SEVENTH:  Denies the allegations contained in paragraph "8." Asserts that paragraph "8" of the complaint contain plaintiff's theories of law and conclusions of fact to which a response is not required, but to the extent an answer is deemed necessary, denies the allegations contained therein, and affirmatively asserts that said petition contained an insufficient number of valid signatures required to qualify said candidate for the ballot pursuant to New York Election Law.

        EIGHTH: Denies the allegations contained in paragraph "9." Asserts that paragraph "9" of the complaint contains plaintiff's theories of law and conclusions of fact to which a response is not required, but to the extent an answer is deemed necessary, denies the allegations contained therein.

        NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

        TENTH:   Admits the allegations contained in paragraph "11" of the complaint and affirmatively asserts that such General Objection was timely filed pursuant to law.

        ELEVENTH: Denies the allegations contained in paragraph"12" of the complaint. Asserts that paragraph "12" of the complaint contains plaintiff's theories of law and conclusions of fact to which a response is not required, but to the extent an answer is deemed necessary, denies the allegations contained therein.

        TWELFTH: Denies the allegations contained in paragraph "13" of the complaint. Asserts that paragraph "13" of the complaint contains plaintiff's theories of law and conclusions of fact to which a response is not required, but to the extent an answer is deemed necessary, denies the allegations contained therein.

        THIRTEENTH:  Denies the allegations contained in paragraph "14" of the complaint. Assert that paragraph "14" of the complaint contains plaintiff's theories of law and conclusions of fact to which a response is not required, but to the extent an answer is deemed necessary, denies the allegations contained therein.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the complaint.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint. Asserts that paragraph "16" of the complaint contains plaintiff's theories of law and conclusions of fact to which a response is not required, but to the extent an answer is deemed necessary, denies the allegations contained therein.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint.

SEVENTEENTH: Denies the allegations contained in paragraph "18" of the complaint. Asserts that paragraph "18" of the complaint contains plaintiff's theories of law and conclusions of fact to which a response is not required, but to the extent an answer is deemed necessary, deny the allegations contained therein.

EIGHTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the complaint.

NINTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the complaint.

**WHEREFORE** defendant-intervenor FRANKLIN HESS asks for judgment dismissing the complaint in its entirety, together with costs, disbursements, if any, and legal fees, and such other and further relief as to this Court may seem just and proper.
Dated: New York, New York

September 21, 2006

|  |  |
|---|---|
|  | _____ |
|  | ARTHUR W. GREIG, ESQ. (AG 2755) |
|  | ATTORNEY FOR |
| DEFENDANT- | INTERVENOR FRANKLIN |
| HESS | 401 BROADWAY, SUITE |
| 1902 | NEW YORK, N.Y. 10013 (212) 941-0230 |

TO:   STEPHEN T. MITCHELL
      STEPHEN T. MITCHELL, P.C.
      67 WALL STREET, SUITE 2211
      NEW YORK, NY 10005

      MICHAEL A. CARDOZA
      CORPORATION COUNSEL OF THE CITY OF NEW YORK
      100 CHURCH STREET
      NEW YORK, NY 10007

      BY STEPHEN KITZINGER
      ASSISTANT CORPORATION COUNSEL