UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CIVIL ACTION, FILE NUMBER: 06 Civ. 6843

| | |
|---|---|
| VERENA RIVERA-POWELL<br><br>And FRANCESCA CASTELLANOS,<br>GEORGINA SNACHEZ, MARIE SIERRA, LYDIA CABRERA,<br>JAEL CASTELLANOS, STEPHEN MEADE,<br>ANTOINETTE BROADBELT-MEADE,<br>AND MERCEDES VALASQUEZ, Individually<br>and on behalf of all those similarly<br>situated as Democratic Party Designating petition signers,<br>and individually and on behalf of all those<br>similarly situated as registered Democratic voters in the<br>7th Municipal District for the City of New York<br><br>PLAINTIFFS,<br><br>**-AGAINST-**<br><br>THE NEW YORK CITY BOARD OF ELECTIONS<br>THE STATE OF NEW YORK, and UNKNOWN PERSONS<br><br>DEFENDANTS. | Memorandum<br>Of<br>Law |

# MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE

September 24, 2006

Stephen T. Mitchell, P.C.
Attorney at Law
67 Wall Street suite 2211
New York, NY 10005
212 587-1932

1

TABLE OF CASES

Page(s)

*Lopez-Torres v. N.Y. State Bd. Of Elections,*
 *2006 U.S. App. LEXIS 22310 (2d Cir. 2006)*     4, 5

*Nixon v. Herndon,*
*273 U.S. 536 (1927)*     4

*Powell v. Power,*
*436 F.2d 84 (2d Cir. 1970)*     4

PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW

<u>Introduction</u>

There is no basis for this court to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.  This court must take all of the allegations in the complaint as true and in the light most favorable to the plaintiff when considering a Federal Rule of Civil Procedure motion pursuant to Rule 12.  There is no basis for this court not to accept the plaintiff's claims of racial discrimination and First Amendment violations as true for the purposes of the instant motion.  Therefore, the defendants' motion to dismiss must be denied.

This court specifically instructed the defendants during the initial court conference held on Monday, September 11, 2006 to address whether or not the federal court had jurisdiction to hear the case in light of the fact that there was a state court action that was dismissed because of a jurisdiction defect.  The court instructed the defendants to address the jurisdictional issue as it pertained to the *Rooker-Feldman* doctrine.

The defendants have not addressed **any** federal court jurisdictional issues and specifically have not addressed the *Rooker-Feldman* doctrine in their papers.  This court should consider any challenges to the court's jurisdiction to be waived.

The defendants' motion to dismiss also fails to challenge any of the plaintiffs' First Amendment claims.  Any Federal Rule of Civil Procedure Rule 12 challenge to the plaintiffs' First Amendment claims should be considered waived specifically since the

district court invited the defendants to challenge these claims during the September 11, 2006 conference.

### Response to Point I

The plaintiff will serve and file a second copy of the summons for this case on all defendants' by Tuesday, September 26, 2006 and put to rest any and all disagreement about the service of a summons for this case upon the defendants. Any summons served and filed by the aforesaid date would be considered timely pursuant to the Federal Rules of Civil Procedure.

### Response to Point II and III

The plaintiff has alleged that the reason that she was removed from the ballot was because of her race. This court must accept this allegation as true for the purposes of a Federal Rule of Civil Procedure Rule 12 motion. There is no dispute that if it were true that the New York City Board of Elections participated in a concocted scheme to remove Ms. Rivera-Powell from the ballot because of her race that such a claim would be considered a violation of the Voting Rights Act and Fourteenth and Fifteenth Amendments to the United States Constitution. *See Nixon v. Herndon, 273 U.S. 536, 540-541 (1927); see also Powell v. Power, 436 F.2d 84, 86-87 (2d Cir. 1970); see also Lopez-Torres v. N.Y. State Bd. Of Elections, 2006 U.S. App. LEXIS 22310 at \*\*57-58 (2d Cir. 2006).* The aforesaid violations of the law clearly would be violations of the Equal Protection and Due Process clauses of the Fourteenth Amendment and actionable in federal court pursuant to 42 U.S.C.§1983. *See Nixon at 540-541.*

The plaintiff has alleged a racial discrimination claim in federal court that never was raised anywhere else. For the purposes of this motion the district court is compelled to credit all of her charges and allow her to pursue her claims.

### Response to Point IV

The plaintiff alleges that the verification requirement of Election Law §16-116 is a burden that unnecessarily blocks a candidate's access to an accelerated state judicial review of errors made by the Board of Elections. In this instance admissible evidence regarding the facts and circumstances of Ms. Rivera-Powell's removal from the ballot readily were available for a hearing. The verification process placed a severe and unnecessary burden upon her access to accelerated relief because the result was an unnecessary delay of the process of evaluating the New York City Election Board's decision to remove the candidate from the ballot. *See Lopez-Torres at \*\*57-58*.

This court should allow a review of this question.

### Conclusion

For all of the aforementioned reasons this court should deny the defendants' motion to dismiss and allow the plaintiff a hearing in order to establish her claims.

Dated: September 24, 2006

Stephen T. Mitchell
*Attorney for the Plaintiffs*
